# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

### *Norfolk Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 2:15cr160** |
| | ) | |
| **ARTHUR DEMERILL SANTIFUL** | ) | |

## GOVERNMENT'S PROTECTIVE NOTICE OF INTENT
## TO INTRODUCE FED. R. CRIM. P. 404(b) EVIDENCE

The United States of America, by its undersigned counsel, out of an abundance of caution, hereby notifies the defendant of its intention to introduce the following evidence at trial.

### ANTICIPATED TESTIMONY OF A.B. and K.F.

Count One of the Superseding Indictment in this case charges the defendant with conspiracy to interfere with commerce by means of robbery, in violation of 18 U.S.C. § 1951(a). Counts Two, Four through Eleven, and Thirteen of the Superseding Indictment charge him with interference with commerce by means of robbery, *i.e.*, Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a).  Counts Three and Twelve charge the defendant with using, carrying, brandishing (Count Twelve), and discharging (Count Three) a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A), and Count Fourteen charges the defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

At trial in this case, the government expects to present evidence that the defendant participated in ten commercial robberies, during each of which he brandished a firearm.  During the first charged robbery, listed in Count Two, the defendant discharged his firearm, a Hi-Point .45 caliber handgun, and left behind three casings.  In the last charged robbery, listed in Count Thirteen, the defendant dropped the Hi-Point as he escaped, and the gun was recovered by Virginia

Beach police officers.  The Hi-Point used in the last robbery was matched forensically to the casings recovered from the first robbery.  The government will offer a series of surveillance videos showing the defendant using a firearm to commit the charged armed robberies.

At trial, the government intends to offer the testimony of A.B.  The government understands that A.B. will testify that she was the legal owner of the Hi-Point dropped at the last robbery.  She will testify that she purchased the gun for herself with the defendant present and that the defendant told her which gun to buy and helped her pay for it.  She will testify that she chose to store the Hi-Point in the trunk of her car, and that at some point she realized the Hi-Point had been stolen.  The government then intends to offer the testimony of Sergeant K.F. of the Suffolk Police Department.  He will testify that the defendant surrendered the Hi-Point to the Suffolk Police department on July 17, 2014.  (The defendant had been arrested on state charges of theft from a motor vehicle on that day, while armed with the Hi-Point.)  K.F. will also testify that the Hi-Point was then released to A.B., its legal owner, on July 17, 2015.  A.B. will also testify that shortly after the Suffolk Police Department called her about picking up the Hi-Point, the defendant also called her to inquire about the gun.  During that conversation, the defendant claimed that he had some ownership interest in the gun.  A.B. will testify that at this point she decided to store the Hi-Point in her van.  A.B. later found out that the defendant had been arrested in the instant case.  She will testify that she decided to look in her van for the Hi-Point and found that the weapon was again missing.  As noted above, the defendant threw the Hi-Point on the ground as he fled from the police after the last charged robbery.

## DISCUSSION

The government does not intend to offer into evidence the fact that the defendant was caught with the Hi-Point during his arrest for theft from a vehicle; it intends instead to introduce only the fact that the Hi-Point was taken into custody from the defendant on July 17, 2014 (along

with the rest of the details outlined above).  Thus, the government does not believe that the evidence it intends to enter about the defendant's prior possession of the gun or the manner in which it ended up in the custody of the Suffolk Police Department is Rule 404(b) evidence of other crimes, wrongs or bad acts.  Rather, it is evidence that is necessary to complete the story of the crime on trial—it shows that the same gun the government will argue the defendant dropped after the last robbery was possessed by the defendant in 2014.  To the extent it does constitute Rule 404(b) evidence, it is admissible as evidence of identity under the same theory—*i.e.*, it makes it more likely that the defendant, who possessed the Hi-Point in 2014, is the same person who dropped the Hi-Point as he fled from the police after the last robbery.  The government provides this notice out of an abundance of caution, should the court find that this evidence is covered by Rule 404(b).

Rule 404(b) provides for the admissibility of evidence of other crimes, wrongs or bad acts for purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity and absence of mistake or accident.  *See, e.g.*, *United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997); *United States v. Bailey*, 990 F.2d 119, 122 (4th Cir. 1993); *United States v. Mark*, 943 F.2d 444, 447 (4th Cir. 1991); *United States v. Rawle*, 845 F.2d 1244, 1247 (4th Cir. 1988).

The rule further states that the Government shall provide reasonable notice in advance of trial of the general nature of any 404(b) type evidence it intends to use once requested by the defendant.  The rule does not extend to evidence of acts which are "intrinsic" to the charged offense.  *United States v. Kennedy*, 32 F.3d 876, 886 (4th Cir. 1994) (approving evidence of criminal conduct involving uncharged individuals that took place a year before the charged conspiracy period, without recourse to Rule 404(b)); *accord United States v. Lipford*, 203 F.3d 259, 268-69 (4th Cir. 2000) (shooting at police officers executing search warrant, hitting one, was intrinsic to the crime charged, not governed by Rule 404(b)); *United States v. Chin*, 83 F.3d 83

(4th Cir. 1996) (approving evidence of uncharged murder and threats to murder in prosecution of heroin distribution and other drug-related crimes as acts intrinsic to the alleged crime); *Mark*, 943 F.2d at 448 (evidence of uncharged criminal activity admissible "where it furnishes part of the context of the crime"); *United States v. Masters*, 622 F.2d 83, 87 (4th Cir. 1980) (evidence of uncharged criminal conduct admissible if it "served to complete the story of the crime on trial").

The basic test for admissibility of Rule 404(b) evidence within the Fourth Circuit was articulated in *Rawle*, 845 F.2d at 1247, and consisted of four elements.  First, the evidence of prior acts must be relevant to an issue other than character; second, the evidence must be necessary to prove an element of the crime charged; third, the evidence must be reliable; and fourth, as required by Federal Rule of Evidence 403, the probative value of the evidence must not be "substantially outweighed" by its prejudicial nature.  *Id.*

Because the subsequent application of the *Rawle* test appeared to the Court to lack consistency, the Fourth Circuit recognized the need to make "further qualifications" and, "after a full examination of our Rule 404(b) jurisprudence" in *Queen*, 132 F.3d at 993, restated a combined test for admissibility under Rules 404(b) and 403.  The refined four-part test under *Queen* holds that evidence of prior acts is admissible if: (1) the evidence is relevant to an issue, such as an element of the offense, and is not offered to establish the defendant's bad character; (2) the act is necessary in that it is probative of an essential claim or an element of the offense; (3) the evidence is reliable; and (4) its probative value is not substantially outweighed by confusion or unfair prejudice "in the sense that it tends to subordinate reason to emotion in the fact finding process." *Id.* at 997.

For evidence to have probative value under Rule 404(b), prior acts must be sufficiently similar in nature to the acts charged.  The more similar the prior acts are, either in terms of physical similarity or state of mind, the more relevant the prior-act evidence becomes.  *Queen*, 132 F.3d at

997; *Mark*, 943 F.2d at 448.  It is not necessary, however, that the prior acts and the acts charged "be identical in every detail"; it is sufficient if they either share certain unique features or "a number of common features of lesser uniqueness . . . of significant probative value when considered together."  *United States v. Myers*, 550 F.2d 1036, 1045 (5th Cir. 1977) (internal citations omitted).  In *Queen*, prior-act evidence tending to make it less probable that the defendant's current actions were undertaken with an innocent purpose was deemed to be relevant under the restated test.  *Queen*, 132 F.3d at 997.

In this case, the defendant may attempt to offer a defense of misidentification.  In all ten robberies, the defendant was masked.  After the final robbery, the defendant, unlike his partner, was able to elude the police.  He was not caught until later in the day, away from the scene of the crime.  The identification of the defendant as the robber may be at issue at trial.

Because identity may be at issue, the Court should permit the introduction of the government's evidence that the defendant possessed the Hi-Point in 2014 because that evidence makes it more probable that the defendant was the person who dropped the same Hi-Point on the ground during the last robbery.  The government's prior-act evidence is therefore relevant.

Evidence of prior acts is "necessary" when it is an "essential part of the crimes on trial, or where it furnishes part of the context of the crime."  *Id*. at 998 (citing *Mark*, 943 F.2d at 448).  For the prior-act evidence to be "reliable," there must be proof such that a reasonable juror could find that the defendant committed the prior act.  *Huddleson v. United States*, 485 U.S. 681, 689 (1988).  The government's proposed evidence is both necessary and reliable.  It goes to the identification of the defendant as the perpetrator, which is always an essential part of the crime on trial.  The evidence that the gun was taken from the defendant is reliable.  It will come from the testimony of the Suffolk police officer who manages the department's property and evidence room.

In the Rule 404(b) context, undue prejudice requires exclusion of prior-act evidence only in those instances where the trial judge believes that "there is a genuine risk that the emotions of the jury will be excited to irrational behavior . . . disproportionate to the probative value of the offered evidence." *United States v. Hernandez*, 975 F.2d 1035, 1041 (4th Cir. 1992) (citing *Masters*, 622 F.2d at 87); *see also Mark*, 943 F.2d at 449.  Prior-act evidence that is prejudicial only because it is "so highly probative," but does not "invoke emotion in place of reason," thereby causing a jury to act irrationally, satisfies the Rule 403 balancing test.  *Queen*, 132 F.3d at 998; *see also United States v. Powers*, 59 F.3d 1460, 1467 (4th Cir. 1995).  Here, there is no likelihood of prejudice to begin with.  Even if the government's proposed evidence were prejudicial—because it makes it more likely the defendant possessed the Hi-Point at the last robbery—it is not *unfairly* prejudicial.  The circumstances of the 2014 arrest, however—while arguably relevant for other purposes proper under Rule 404(b)—could be considered unfairly prejudicial.  Out of an abundance of caution, and to avoid any possible prejudice that would result from the jury learning that the seizure of the gun was connected to the defendant's 2014 larceny arrest, the government is proposing that K.F. testify to the fact that the defendant surrendered the Hi-Point to the Suffolk Police department on July 17, 2014, and that the gun was returned to A.B. on July 17, 2015.

Finally, the standard of review of a trial court's 404(b) ruling is abuse of discretion.  Abuse of discretion will not be found unless the exercise of that discretion was "arbitrary or irrational." *United States v. Haney*, 914 F.2d 602, 607 (4th Cir. 1990).

The foregoing analysis applies only to the extent that the proffered testimony—which does not include the fact of the defendant's prior larceny arrest—qualifies as evidence as a prior bad act under Rule 404(b).  The government's position is that the proffered testimony does not so qualify.  Evidence of "other crimes" should be distinguished from "evidence of uncharged conduct [arising] out of the same series of transactions as the charged offense, or [evidence that] is necessary to

complete the story of the crime on trial." *Kennedy*, 32 F.3d at 886; *accord Lipford*, 203 F.3d at 268-69.

The defendant's earlier possession of the Hi-Point, considered in isolation, is not criminal because he was not at the time of his 2014 arrest a convicted felon.  The circumstances of his arrest were criminal in nature, but the government does not intend to offer those circumstances.  The prior possession of the Hi-Point by the defendant is necessary to complete the story of how the gun purchased by A.B. was first possessed by the defendant, who continued to show an interest in whether and when the gun would be returned by the police to A.B., and who the government will argue possessed the same gun during the charged robberies.

The parties have agreed, and the Court has ordered, that the defendant be notified of Rule 404(b) evidence that the government intends to introduce into evidence at trial by the close of business seven calendar days prior to trial.  The government hereby notifies the defendant, out of an abundance of caution, that it intends to introduce the above-described evidence through testimony at trial.

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

By:    /s/
       Joseph DePadilla
       Assistant United States Attorney
       Attorney for the United States
       United States Attorney's Office
       101 West Main Street, Suite 8000
       Norfolk, Virginia 23510
       Office Number:  757-441-6331
       Facsimile Number: 757-441-6689
       E-Mail Address: joe.depadilla@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of August, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Melinda Ruth S. Glaubke
Slipow Robusto & Kellam PC
2476 Nimmo Parkway, Suite 121
Virginia Beach, VA 23456
Phone: (757) 427-5094
Fax: 757-427-1727
Email: mglaubke@srklawfirm.com

/s/_____
Joseph DePadilla
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number:  757-441-6331
Facsimile Number: 757-441-6689
E-Mail Address: joe.depadilla@usdoj.gov

8